**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NURJAKHON ZOKIROV,<br><br>Petitioner,<br><br>v.<br><br>CHRIS GANTT, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2140-D |

**ORDER**

Petitioner Nurjakhon Zokirov filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Uzbekistan who entered the United States on April 16, 2023. At that time, Petitioner was paroled into the country, and Petitioner's parole expired on April 18, 2025.

Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on or about July 29, 2026. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(1), and his removal proceedings are ongoing.

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On October 16, 2026, Judge Maxfield issued a Report and Recommendation [Doc. No. 12], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Judge Maxfield further concluded that Petitioner's request for fees and costs under the Equal Access to Justice Act is

premature, that this Court lacks jurisdiction to grant Petitioner's request for an order prohibiting Petitioner's transfer, that Petitioner's re-detention did not violate due process, and that Petitioner is not entitled to immediate release. *Id.*

Only Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 13]. In their objection, Respondents assert that Petitioner is properly subject to mandatory detention under § 1225(b)(1) because, despite his grant of parole, Petitioner is an "arriving alien" under the entry-fiction doctrine. However, as acknowledged by Respondents, the undersigned has previously concluded that § 1225(b)(1) does not apply in circumstances where the noncitizen has resided in the United States for years before the termination of parole. *See Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026). Rather, having determined that Petitioner's status does not revert to that of an arriving alien under § 1225(b)(1), Petitioner's re-detention is governed by § 1226(a), and Petitioner is entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. Respondents shall provide Petitioner with a

bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 23rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Although Petitioner did not object to Judge Maxfield's report and recommendation, the Court agrees with Judge Maxfield that Petitioner's re-detention following expiration of his parole did not violate his due process rights and, further, that Petitioner is not entitled to immediate release.